The opinion of the court was delivered by
McEnery, J.
F. Hollander & Co., judgment creditors of Mrs. D. R. LeBlanc, the surviving widow of G. Rosemond LeBlanc, issued an execution on their judgment, seized and advertised for sale the undivided half of certain real estate as the property of the defendant in execution.
The sale was arrested by an injunction taken out by J. Albert Webre. In the petition for the injunction it is alleged that the plaintiff in injunction is a creditor of the succession of G. R. LeBlanc, who died in 1887, in the sum of $500, and that there are other creditors of the succession of LeBlanc and of the community which existed between him and the surviving widow, and that there are no assets to meet said claims except the property, the undivided half of which was under seizure and about to be sold by the personal creditors of Mrs. LeBlanc; that the said Mrs. LeBlanc is not the owner of the undivided half of said property by an absolute and indefeasible title, but has only a residuary interest therein, dependent on the settlement' of the community; . that, all the said judgment creditor can seize and sell is the right, title and interest in and to the undivided half of said property; that, as the community was greatly involved, the sale of the undivided half of the community property to pay the individual debts of the surviving spouse would *180 greatly injure and depreciate the value of the property; that he had applied for the administration of the succession of LeBlane, which was pending, awaiting legal delays, before his final appointment. The application to administer was made after the execution issued on the judgment and the seizure of the property. The injunction-issued on the day of sale.
The defendants in injunction filed a motion to dissolve on the face of the papers, “for the reason that plaintiff is without any warrant-of law so far as disclosed on the face of his petition, to invoke the equitable writ of injunction.”
This motion was sustained by the District Judge, and from a judgment thereto dissolving the injunction, the plaintiff appealed.
The question presented is: Has the surviving wife such an ownership in the undivided and unliquidated community property that it can be seized and sold for her individual debts?
There is nothing in the jurisprudence of this State, in the Code, or the decisions of the courts, to prevent the surviving spouse from disposing of his or her part of the community property, subject to the debts and charges of the community.
Therefore, the individual creditor of either can subject it by seizure and sale to the payment of his debt, subject of course to the debts of the community.
After the death of the husband or wife the community is terminated, and the surviving spouse and the heirs of the deceased each become seized of one undivided half of the property, subject to the payment of the debts. The law fixes the title to the community property of the surviving spouse. It is an absolute and indefeasible-title to one-half of • the community property. This title can be divested by the creditor of the community in the manner pointed out by law, by its sale, to pay debts and to settle the community. The amount of the debts can not determine the extent of the title, make it more or less than one-half. The surviving spouse receives the property just as any other proprietor receives title burdened with debts. The title may be absolute and indefeasible, yet it may be divested by the mortgage creditor by seizure and sale of the property, resting on it when he acquired it, either by inheritance or purchase.
In the instant case, Mrs. LeBlane is the owner of one-half of the community property acquired during her marriage with her deceased *181 husband. Gayle vs. Davis, 4 M. 653; Hart vs. Toby, 1 R. 378; Dickson vs. Dickson, 36 An. 453.
As stated in Dickson vs. Dickson, referred to, “the widow and heirs take the estate absolutely, subject to the debts and charges against it, and all that. is meant by residuary rights is that the property is thus encumbered.”
In the same case this court announced these propositions as having been fully recognized by our jurisprudence, and said “in either ease the widow and heirs can mortgage their interest in said property if it be real estate, and the creditor acquiring such mortgage is entitled, in case of non-payment, to have it seized and sold to satisfy his claim, subject to be expropriated or out ranked only by creditors of the community and of the succession of the deceased spouse, and where the mortgage was recorded anterior to his own, the succession creditors, however, to be paid out of succession property.”
The law provides the mode for the settlement and liquidation of the community, and where the heirs or creditors require it the succession must be administered. The succession of LeBlanc and the community owed debts, and an administration of the same was necessary. Chap. 6, See. 3, Revised Civil Code; Succession of Scott, 41 An. 068.
No one can interfere with the administration of the succession by selling its property and taking it away from the control of the administrators. Sage vs. Price, 30 An. 93; Colac vs. Florence, 31 An. 493; Durham vs. Williams, 32 An. 162.
In the case of Dreyfous vs. Richardson & May, 33 An. 602, we understand that the injunction was sustained so as to prevent the property from being taken from the possession of the administrator.
The court said:
“Whether the holder and owner of such claim and security, however legal the same may be, can proceed via exeeutiva and have the property composing the security, seized and sold, while the succession, of which the property forms part, is still under administration, so as to strip the succession representative of the possession to which he would otherwise be entitled for the liquidation of the succession affairs. The law negatives the question. It is manifest that what the heir himself could not do his transferee or creditor can not.”
And to the same effect is the decision in the case of Deblieux & Co. vs. Hotard. In this case the executor answered as garnishee that he *182 “ had in Ms possession property and effects belonging to the judgment debtor, Hotard, one of the heirs.” The motion of plaintiff was that, as the garnishee had answered that he had property and effects belonging to the judgment debtor, ‘‘ that the said executor be ordered to turn over into the hands of the sheriff all the property rights and credits and money now under his control when same shall become due, and that same be applied to satisfy as far as it may the writ of fi.fa. in the hands of said sheriff against Joseph Hotard.” “It is manifest,” said the court, “that until said succession is advertised and its debts and legacies paid, the executor can not be compelled to surrender the property or any part thereof.” 81 An. 194.
The question as to the validity of the seizure by garnishment was not raised. In the instant case, from what we have said, we are of the opinion that the seizure was legal and valid, as it was of the undivided half interest of Mrs. LeBlanc to the community property, and a sale of the same under the seizure would transfer all of her rights and interest in said property to the purchaser. But he could acquire no greater rights than Mrs. LeBlanc had to said property. She acquired it at the dissolution of the community subject to community debts and the right of the creditor to settle and liquidate the community.
The creditors have asserted their rights by an application to administer the succession of Le Blanc and the community, and to settle and liquidate the same. The creditors of Mrs. LeBlanc can not interfere with the administration by taking the community property from the administrator. If sold it must be left in the succession under the control of the administrator until final settlement and the ascertainment of Mr. LeBlanc’s interest, either in money or property. The purchaser would occupy the same relation to the community as Mrs. LeBlanc.
The creditors through an administrator administer the succession for their benefit. He is their agent or trustee. If the community debts are paid the widow will receive her half of the community property, and if it has been necessary to sell the same to pay debts she will receive in money the half of the excess of the proceeds of sale devoted to this purpose.
From the views we have expressed we conclude that the sale of the property seized in this case should be proceeded with, but the property to remain with the succession effects, to be administered *183 according to law. To make our decree the more explicit we find it necessary to set aside the decree of the lower court, and enter such a decree as will conform to our views. It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and reversed; and it is now ordered, adjudged and decreed that the injunction herein be perpetuated only so far as to prohibit the defendant or the purchaser at the judicial sale from taking the property under seizure from the control or possession of the administrator of the succession of G. Rosamond LeBlanc, the same to remain with the succession effects, to be administered according to law. In all other respects the injunction is dissolved, the appellee to pay costs of appeal.